White, J.
The first count of the indictment, on which alone-the defendant was convicted, is insufficient. The writing, of which it is sought to predicate forgery does not, on its face, unaided by inuendo, or the averment of extrinsic facts, import an order for the payment of money. ;
No definite meaning can be ascribed to the letters “M. C. & Co.” and “ J. L. C.” They are of themselves arbitrary. The writing, of itself, does not purport to be drawn by, or on any person, natural or artificial; and it is an invariable rule, in charging forgery,. *133 that it be shown on the face of the indictment, by proper averments, that the instrument alleged to be forged is of the particular kind prohibited by the statute, upon which the indictment is founded. Starkie’s Crim. Pl. 113; Carberry v. The State, 11 Ohio St. 410.
Thus, where, by the usage of a public office, the bare signature •of a party upon a navy bill operated as a receipt, an indictment for forging such receipt, setting forth the navy bill and indorsement, and charging the defendant with having forged “ a certain receipt for money, to wit, the sum of twenty-five pounds, mentioned and contained in said paper called a navy bill, which forged receipt was as follows, that is to say, ‘ William Thornton, William Hunter,’ ” was held bad, ^because it did not show, by proper averments, that these signatures imported a receipt. Rex v. Hunter, 2 Leach, C. L. 711.
So, where an indictment charged the defendant with forging a receipt signed thus: “ Beceived, H. H.,” it was held that the indictment was bad, because there was nothing to show what “ H. H.” meant. Rex v. Barton, 1 Moody Ch. C. 141.

Judgment reversed.

Hay, C. J., and Welch, Brinkerhoee and Scott, JL, concurred.